IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAUL F. MAMMAY, | ) | Case No. 21-20839-JAD |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | X | |
| | ) | |
| PAUL F. MAMMAY, | ) | Related to ECF Nos. 52 & 59 |
| | ) | |
| Movant, | ) | |
| | ) | |
| - v - | ) | |
| | ) | |
| RONDA J. WINNECOUR, CHAPTER 13 TRUSTEE, | ) | |
| | ) | |
| Respondent. | ) | |
| | X | |

## MEMORANDUM OPINION

The matters before the Court are two motions seeking relief against Ronda J. Winnecour, in her official capacity as Chapter 13 Trustee (the "Chapter 13 Trustee"), titled as a *Motion to Compel Chapter 13 Trustee to Return Funds* (the "Motion to Compel," ECF No. 52) and a *Motion of Debtor, Paul F. Mammay, for Turnover of Funds Improperly Paid by Chapter 13 Trustee to Unsecured Creditors* (the "Motion for Turnover," ECF No. 59, and collectively with the Motion to Compel, the "Motions"). For the reasons set forth herein, orders shall be entered which deny each of the Motions.

## I.

This court has jurisdiction over the Motions pursuant to 28 U.S.C. §1334. In the context of the Motions, the matters complained of by the Debtor/Movant concern the Chapter 13 Trustee's conduct and administration of the estate. Therefore, the Motions are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). See Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242 (3d Cir. 1994); Schultze v. Chandler, 765 F.3d 945 (9th Cir. 2014)(creditor committee members' malpractice suit against creditor committee accountant was core).

## II.

The record reflects that during the course of this case, the Debtor had the good fortune of winning the lottery, and remitted $30,000 of the funds to the Chapter 13 Trustee as plan funding.[1]

However, because the Debtor failed to initially identify the source of funds, and to ensure clarity that the funds were to be utilized to pay creditors holding allowed claims, the Chapter 13 Trustee filed motions to compel the Debtor to provide further information and to adjust the plan base to provide for payment to such creditors. See Mot. to Compel Debtor(s) to Provide Aff. or Other Sworn Statement Revealing Origin of Non-Specific Lump Sum Payment, ECF No. 37, and Chapter 13 Trustee's Mot. for Order of Court Modifying April 8, 2021, Plan, ECF

---

[1] The Court notes that the Debtor has averred that his proposed plan was not confirmed in this case. See Motion for Turnover ¶6. The record, however, indicates otherwise and a plan was confirmed by order of the Court date December 13, 2021. See Order of Court, ECF No. 35 (confirming chapter 13 plan dated April 8, 2021 on a final basis).

No. 43.

Ultimately, a hearing on the issues raised by the Chapter 13 Trustee was held on March 16, 2022. At that hearing, the Debtor (through counsel) unequivocally agreed to the Chapter 13 Trustee's request for payment to creditors. Also, instead of amending his plan and continuing in Chapter 13, the Debtor (through counsel) requested that the bankruptcy case be dismissed without prejudice. In this regard, the record at the March 16, 2022 hearing reflects the following colloquy:

> THE COURT: [. . .] Mr. Warmbrodt, you filed the -- your proposed motion. Mr. Spyra filed a response. The gist of the response is his client doesn't want any amendment [to the confirmed plan], he just wants the case dismissed.
>
> MR. WARMBRODT: Your Honor, we do not oppose dismissal of the case. However, we would ask that the court, in its order granting dismissal, require that funds be devoted to pay the unsecured claims in this case in full, the unsecured debt in this - -
>
> THE COURT: So your -- so the trustee has enough funds on hand to pay the unsecured creditors in full?
>
> MR. WARMBRODT: The -- with -- with the $30,000 payment that we received from the debtor in February, we have more than enough. The total unsecured claims filed in this case only totaled $1,728.73. The plan as confirmed proposed to pay an even $1,000 to unsecured creditors.
>
> So consequently -- consequently, we are

|  |  |
|---|---|
|  | just requesting that an amount less than $800 more than that was proposed in the confirmed plan be retained by the trustee in order to pay the unsecured creditors in full, pay the trustee's fees on those unsecured claims, and then the remainder would be refunded to the debtor. |
| THE COURT: | Mr. Spyra? |
| MR. SPYRA: | Yes, Your Honor. My client was a fortunate lottery winner and we submitted the lottery winnings -- the majority of the lottery winnings to the Chapter 13 trustee. |
|  | I have no objection to that, but I would request that any balance for my legal fees for the Chapter 13 be paid as well as the creditors. |
| THE COURT: | Any objection to that, Mr. Warmbrodt? |
| MR. WARMBRODT: | No, Your Honor. |
| THE COURT: | All right. So we'll enter an order of dismissing the case without prejudice, but providing that the trustee may use funds on hand to pay all allowed unsecured claims, the percentage fees due to the Chapter 13 trustee on account of distributions, and any remaining sums with respect to allowed compensation to counsel for the debtor. |
|  | And then the remaining sums will be remitted back to the debtor. |
| MR. WARMBRODT: | Thank you, Your Honor. |
| THE COURT: | Thank you. |
| MR. SPYRA: | Thank you, Your Honor. |
| THE COURT: | You're welcome. |

<u>See</u> Tr. of March 16, 2022 Hr'g 3-5, ECF No. 65.

Consistent with the agreement of counsel and the directives of the Court at the March 16, 2022 hearing, the Court entered a text order on March 16, 2022 on the Court's docket at ECF No. 49, which is reproduced below:

> Hearing held on Doc # 43 Motion for Order of Court Modifying April 8, 2021 Plan filed by Chapter 13 Trustee. The Bankruptcy case is to be dismissed without prejudice. The Trustee is permitted to pay allowed unsecured creditors, the Chapter 13 Trustees percentage fee, and Debtors counsels [sic] allowed fees from funds on hand. Any remaining funds are to be remitted to the Debtor. (RE: related document(s): 43 Motion For Order). (skoz) (Entered: 03/16/2022)

<u>See</u> ECF No. 49. The Court also contemporaneously issued its standard order of dismissal at ECF No. 50.

No appeal or motion for reconsideration was filed with respect to these orders by any party within the time periods set forth in Federal Rules of Bankruptcy Procedure 8002, 9023, and 9024. As such, the orders became final on March 30, 2022.

Once the orders became final, in April of 2022, the Chapter 13 Trustee made distribution to the unsecured creditors holding allowed claims, paid Debtor's counsel his fees, and paid the percentage fees due to the Chapter 13 Trustee pursuant to 28 U.S.C. § 586. Once these distributions cleared and the Chapter 13 Trustee completed her routine auditing of the file in May of 2022, the Chapter 13 Trustee then remitted the remaining funds on hand to the Debtor. All encompassing, this process (from the March 16, 2022 hearing until the Debtor

received the funds left on hand) took approximately 70 calendar days.

Counsel for the Debtor was dissatisfied with this process. The record reflects that after the Chapter 13 Trustee had paid creditors, counsel for the Debtor for the first time on May 10, 2022 inquired with the Chapter 13 Trustee's office regarding the status of the refund to the Debtor.

The record is not clear as to exactly when the Chapter 13 Trustee responded to the inquiry, but her office responded prior to May 13, 2022, and advised counsel that the refund would occur with the May of 2022 distribution. The record supports this rendition of events because the first of the Debtor's Motions was filed on May 13, 2022, and it expressly avers that "Upon inquiry, the undersigned was told that the Debtor would receive the funds under the May 2022 distribution and another ten days for delivery via USPS." See Motion to Compel ¶7.

Accordingly, the record reflects that counsel for the Debtor desired to not take the Chapter 13 Trustee for her word and decided to go on the offensive by filing the first of his Motions on May 13, 2022. The record also reflects that the Chapter 13 Trustee's representations were true, that the refund was tendered to the Debtor with the May of 2022 distribution schedule. The record further reflects that the litigation was expanded when additional relief was requested on behalf of the Debtor through the filing of the Motion for Turnover on June 9, 2022.

What is clear or undisputed is that Debtor's refund was tendered in May of 2022, at or about the time the Motions were filed, and that the refund was

processed by the Chapter 13 Trustee in accordance with her statutory fiduciary duties.[2]

### III.

The Court held a hearing on the Motions on July 6, 2022. As represented at the hearing, the gist of the relief now being requested by the Debtor is two-fold. First, citing Harris v. Viegelahn, 575 U.S. 510 (2015)[3], the Debtor contends that the Chapter 13 Trustee's distributions to creditors holding allowed claims in the aggregate amount of $1,728.73 was "improper." Along this vein, the Debtor seeks damages or reimbursement from the Chapter 13 Trustee for these funds. Also, without citing any authority for fee shifting, counsel for the Debtor seeks the reimbursement of $1,500 in legal fees associated with bringing this action. Second, the Debtor contends that the Chapter 13 Trustee's processing of the payments to creditors and the refund to the Debtor was somehow both dilatory and contumacious with respect to what the Court required by its orders. In this regard, counsel for the Debtor seeks contempt sanctions and attorney's fees pursuant to the Court's equitable powers as derived from 11 U.S.C. § 105(a).

---

[2] The Court offered the Debtor an opportunity to have an evidentiary hearing with respect to the matters raised in the Motions and the Chapter 13 Trustee's defenses thereto (including the Chapter 13 Trustee's rendition of how her office processed the distributions and refund in this case). Counsel for the Debtor advised the Court that no evidentiary hearing was desired by the Debtor.

[3] In the Motions, the Debtor also cites to In re Michael, 699 F. 305 (3d Cir. 2012). The holding of In re Michael was superseded by the United States Supreme Court decision in Harris, supra.

**A.**

Beginning with contempt, proof of contempt requires a movant to demonstrate: (1) that a valid order of court existed, (2) that the defendant had knowledge of the order, and (3) that the defendant disobeyed the order. See Fed. Trade Comm'n v. Lane Labs-USA, Inc., 624 F.3d 575, 582 (3d Cir. 2010).

The gravamen of the Debtor's contempt request is that the Chapter 13 Trustee violated this Court's March 16, 2022 order. Contrary to the Debtor's protestations, the record is clear and convincing that the Chapter 13 Trustee **actually complied** with the Court's directives, which unequivocally were that:

> The Bankruptcy case is to be dismissed without prejudice. The Trustee is permitted to pay allowed unsecured creditors, the Chapter 13 Trustees percentage fee, and Debtors counsels allowed fees from funds on hand. Any remaining funds are to be remitted to the Debtor.

See ECF No. 49; see also Tr. of March 16, 2022 Hr'g 3-5, ECF No. 65.

Having complied with the Court's orders, it is literally impossible for the Chapter 13 Trustee to be found in contempt of an order she obeyed. Of course, the Court has duly considered the Debtor's contention that the Chapter 13 Trustee's timing of remitting the refund to the Debtor is contumacious. Here, the Court does not find the Debtor's position to be convincing for a number of reasons.

First, nothing in the Court's order expressly sets forth a deadline for the Chapter 13 Trustee to remit the refund to the Debtor. Therefore, on its face, the

Chapter 13 Trustee has not violated the Court's directive.

Second, examining the record most favorable to the Debtor, the Court assumes that the Debtor is contending that the Court's order is ambiguous as to the timing of the refund to the Debtor and on this basis the Debtor argues (a) that the March 16, 2022 order imposed a reasonable period requirement for the Chapter 13 Trustee to tender the refund, and (b) that the Chapter 13 Trustee unreasonably delayed tendering the refund. Here, the Court also does not find the Debtor's argument convincing because the law of the Third Circuit is that ambiguities are resolved in favor of the party charged with contempt. See Fed. Trade Comm'n v. Lane Labs-USA, Inc., 624 F.3d at 582; see also Bayer Bus. & Tech. Servs. v. AGR Premier Consulting, Inc. (In re AGR Premier Consulting, Inc.), 550 F.App'x 115, 122-23 (3d Cir. 2014).

Third, even if the Court is to read into its order that the Chapter 13 Trustee was required to tender the refund within a reasonable period of time (which, candidly, the Court assumed was the case when it entered its March 16, 2022 order), the Court finds that the Chapter 13 Trustee did, in fact, tender the refund within a reasonable period of time. The Court reaches this conclusion because the Chapter 13 Trustee appropriately exercised her stewardship over the funds as required by a bankruptcy estate fiduciary. She appropriately ensured that the order of the Court became final before remitting distributions to creditors. She correctly awaited for the funds paid to creditors to clear and otherwise audit her accounting records for accuracy consistent with her case closing procedures

before ultimately tendering the refund to the Debtor. This entire process takes time, and nothing in the record reflects that the Chapter 13 Trustee's efforts were anything contrary to her ordinary business practices as monitored by the Office of the United States Trustee.

Under these circumstances, the Court finds that the Chapter 13 Trustee complied with this Court's orders in all respects, and therefore the Debtor's request for contempt sanctions and attorney's fees is denied.

**B.**

With respect to the Debtor's request for damages against the Chapter 13 Trustee on account of allegedly "improper" distributions to creditors, the Debtor relies upon the United States Supreme Court's decision in Harris v. Viegelahn, supra.

In Harris, the United States Supreme Court was called upon to interpret 11 U.S.C. § 348 to determine the competing rights of a chapter 7 bankruptcy trustee vis-a-viz the debtor to post-petition wages held by a chapter 13 trustee when a chapter 13 case is converted to a chapter 7 liquidation. In Harris, the United States Supreme Court relied upon 11 U.S.C. § 348 and determined that the post-petition wages reverted to the debtor.

The Court has fully considered Harris to the facts *sub judice*, and concludes it has no application to the merits of the Motions. The Court reaches its conclusion because dismissal of cases is governed by 11 U.S.C. § 349, and not the statute applied in Harris (i.e., 11 U.S.C. § 348).

Section 349(b) of the Bankruptcy Code states, in its entirety, as follows:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—
>> (1) reinstates—
>>> (A) any proceeding or custodianship superseded under section 543 of this title;
>>> (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and
>>> (C) any lien voided under section 506(d) of this title;
>>
>> (2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and
>>
>> (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349(b).

The general rule that can be gleaned from this statute is that, when a confirmed case is dismissed, the funds on hand with a chapter 13 trustee are to be returned to the debtor. See Viegelahn v. Lopez (In re Lopez), 897 F.3d 663, 670-72 (5th Cir. 2018); see also In re Sherman, Bky. No. 19-17043 ELF, 2022 WL 626940, at *5 (Bankr. E.D. Pa., Mar. 3, 2022). But again, that is the general rule because the statute plainly and expressly permits the court "for cause" to "order otherwise." See 11 U.S.C. § 349(b).

That is exactly what this Court's order of March 16, 2022 did– i.e., for cause

ordered otherwise. The "cause" of course was that the Debtor (through his legal counsel) unequivocally consented at the March 16, 2022 hearing to the Chapter 13 Trustee making distributions to all creditors holding allowed unsecured claims, to pay statutory percentage fees due the Chapter 13 Trustee, and to pay counsel's attorney's fees as part of the dismissal.

It was only after the Chapter 13 Trustee complied with this Court's orders that the Debtor came forward, now questioning the propriety of the distributions and asking for the proverbial "Mulligan."

Surely the Debtor's legal counsel was aware of the contours of 11 U.S.C. § 349(b) at the March 16, 2022 hearing; and, on behalf of his client, counsel not only consented to the distributions <u>but also asked</u> for his fees to be included as part of them!

It is clear that the Court relied upon such consent of the Debtor (through counsel) when it entered the orders at issue. The Chapter 13 Trustee also detrimentally relied upon such consent when she made the distributions pursuant to the same. These circumstances result in the inescapable conclusion that the Debtor waived or forfeited whatever rights he had and is equitably estopped at this late hour from seeking the relief set forth in the Motions. See e.g. <u>Josephs v. Pizza Hut of Am., Inc.</u>, 733 F. Supp. 222, 223 (W.D. Pa. 1989)(detrimental reliance can give rise to claims of equitable estoppel); <u>Teledyne Indus., Inc. v. NLRB</u>, 911 F.2d 1214, 1220 (6th Cir. 1990)(discussing equitable estoppel in litigation); <u>Edwards v. CGI Grp., Inc. (In re Ashmore)</u>, 923 F.3d 260, 272-79 (2d Cir. 2019)(advancing

inconsistent positions can give rise to judicial estoppel, where prior position was adopted or accepted by the court and concluding otherwise would cause a litigant to derive unfair advantage); Robinson v. First State Cmty. Action Agency, 920 F.3d 182, 187 (3d Cir. 2019)(forfeiture is the failure to make the timely assertion of a right); Murphy v. Bernstein (In re Dille Family Trust), 598 B.R. 179, 201-02 (Bankr. W.D. Pa. 2019)(discussing elements of waiver and estoppel).

The Court also notes that in United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 269 (2010), the United States Supreme Court addressed finality of orders entered in the bankruptcy context. In Espinosa, the Supreme Court noted that a judgment is not void merely because it might have been erroneous. A *fortiori* is that a litigant who permits an erroneous order to become final without a timely appeal bears the consequences of the same. This Court concludes that the Debtor's efforts to revisit the propriety of the March 16, 2022 order after the appeal period has expired is without merit.

Not to be lost in this discussion is the fact that the Chapter 13 Trustee made the distributions at issue pursuant to not only the express consent of the Debtor (made by counsel at the March 16, 2022 hearing), but also pursuant to the Court's order entered later that day. Under these circumstances, the Chapter 13 Trustee is entitled to qualified immunity for faithfully carrying out her duties. See Phoenician Mediterranean Villa, LLC v. Swope (In re J & S Props., LLC), 872 F.3d 138, 142 (3d Cir. 2017).

For all of these reasons, the Motions are without merit and orders shall be entered that deny the Motions.

Dated: July 7, 2022

_____ sjk
The Honorable Jeffery A. Deller
United States Bankruptcy Judge

cc: Dennis Spyra, Esq., Counsel to Mr. Paul F. Mammay
Ronda J. Winnecour, Esq., Chapter 13 Trustee
Office of the United States Trustee

FILED
7/7/22 4:02 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA